OPINION
{¶ 1} Appellant, Charles E. Proctor, III, appeals from the January 4, 2006 judgment entry of the Portage County Court of Common Pleas, in which he was sentenced for abduction.
 {¶ 2} On July 7, 2005, appellant was indicted by the Portage County Grand Jury on one count of abduction, a felony of the third degree, in violation of R.C. 2905.02(A)(2).[1] Appellant pleaded not guilty at his arraignment on July 11, 2005.
 {¶ 3} On October 4, 2005, appellant withdrew his former not guilty plea, and entered a written and oral plea of guilty to the charge contained in the indictment. In its October 4, 2005 judgment entry, the trial court accepted appellant's guilty plea.
 {¶ 4} On October 17, 2005, appellant filed, pursuant to Crim. R. 34, a "Notice Of Motion In Arrest Of Judgment," in which he asserted that the indictment was defective for failing to include the culpable mental state of "knowingly." Following a hearing, appellant's motion for arrest of judgment was overruled by the trial court on December 21, 2005.
 {¶ 5} Pursuant to its January 4, 2006 judgment entry, the trial court sentenced appellant to ninety days in jail with work release, and ordered him to pay a fine in the amount of $250. The trial court further sentenced appellant to the following: one year intensive supervision and four years general supervision by the Portage County Adult Probation Department ("Adult Probation Department"); ordered that he abide by the conditions of the Adult Probation Department; and that he attend two Alcoholics Anonymous meetings a week for a two-year period. If appellant was accepted into the Northeast Ohio Community Alternative Program, the trial court ordered him to abide by the terms and conditions of that program and his jail sentence would be suspended. Appellant was restrained from going to Sheetz Gas Station at State Route 14 and State Route 44 in Ravenna Township, Portage County, Ohio. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 6} "The trial court erred in overruling appellant's motion for arrest of judgment, pursuant to Crim. R. 34."
 {¶ 7} In his sole assignment of error, appellant argues that the trial court erred when it overruled his Crim. R. 34 motion for arrest of judgment. He alleges that the record shows that the indictment was fatally deficient since it did not charge him with an offense, due to the fact that it was devoid of the requisite culpable mental state of "knowingly."
 {¶ 8} Pursuant to Crim. R. 34, the trial court is mandated to arrest judgment upon motion of the defendant if the indictment does not charge an offense. A defendant's motion must be made within fourteen days after a guilty plea, or within such further time as the court may fix during the fourteen day period. Id. If the judgment is arrested, the defendant is discharged. Id.
 {¶ 9} In the instant matter, appellant is correct that the July 7, 2005 indictment did not contain the culpable mental state of "knowingly." However, the indictment did state the name of the crime and the relevant statutory reference. Specifically, the indictment indicated that appellant committed abduction, a felony of the third degree, in violation of R.C. 2905.02(A)(2). R.C. 2905.02(A)(2) provides: "* * * [n]o person, without privilege to do so, shall knowingly * * * [b]y force or threat, restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear[.]"
 {¶ 10} "[W]hen the indictment cites to the relevant statute under which a defendant is being charged and that statute includes a statement of the applicable mens rea, the indictment is sufficient." State v.Kaltenbach, 5th Dist. No. CA-04-006, 2005-Ohio-3924, at ¶ 13, citingState v. McKenzie (Sept. 18, 1998), 6th Dist. No. E-97-040,1998 Ohio App. LEXIS 4350. Here, the indictment is not defective since it referenced R.C. 2905.02(A)(2), which clearly identifies the charged offense including the applicable mens rea. Appellant, who was represented by counsel and entered a written and oral plea of guilty to abduction, fails to demonstrate that he is entitled to relief pursuant to Crim. R. 34.
 {¶ 11} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Portage County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, J., CYNTHIA WESTCOTT RICE, J., concur.
[1] According to the indictment, on June 25, 2005, appellant, by force or threat, restrained the liberty of Kimberly J. Wright under circumstances which created a risk of physical harm to her, or placed her in fear.